IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CM REGENT INS. CO., a/s/o,** : | Civil No. 4:22-CV-00205 |
| **MONTGOMERY AREA SCH. DIST.,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | **(Magistrate Judge Carlson)** |
| **CAMASTER, INC.** : | |
| : | |
| **Defendant.** : | |

# MEMORANDUM AND ORDER

After a thorough review of the amended complaint (Doc. 18), the defendant's motion to dismiss (Doc. 19), and the parties' briefs (Docs. 20, 21, and 22), we noted an issue neither party specifically brought to the Court's attention in its briefing regarding Count IV, "strict liability harm from reliance on seller's misrepresentation"—it is unclear whether a defendant can be strictly liable for a pecuniary loss, as opposed to physical harm, due to justifiable reliance based upon a misrepresentation made by a defendant.

Plaintiff cites to Klages v. General Ordinance Equipment Corp., 367 A.2d 304 (Pa. Super 1976) (Doc. 21 at 9-10), which held that Section 402B of the Restatement (Second) of Torts represents the law of the Commonwealth and the defendant conceded that Pennsylvania courts recognize a claim under section 402B

Restatement (Second) Torts. (Doc. 22 at 9). Section 402B of the Restatement (Second) of Torts provides:

> One engaged in the business of selling chattels who, by advertising, labels, or otherwise, makes to the public a misrepresentation of a material fact concerning the character or quality of a chattel sold by him is subject to liability *for physical harm to a consumer of the chattel* caused by justifiable reliance upon the misrepresentation, even though (a) it is not made fraudulently or negligently, and (b) the consumer has not bought the chattel from or entered into any contractual relation with the seller.

Id., § 402B (emphasis added). This Court's reading of Section 402B is that "physical harm" is a requirement to successfully state a claim under Section 402B. After review of the amended complaint there appears to only be pecuniary loss alleged. (*See* Doc. 18, ¶¶ 13-15). Further, a comment to Section 402B states: "A parallel rule, as to strict liability for *pecuniary loss* resulting from such a misrepresentation, *is stated in § 552D*." Restatement (Second) of Torts § 402B cmt. a. (emphasis added).

Interestingly Section 552D "does not appear in the final draft of the Second Restatement of Torts." Id., § 552D Special Note on "Section 552D". On this score, we noted a statement regarding the decision to exclude Section 552D that reads: "The action of the Institute in deleting the Section means no more than that the matter was found to be inappropriate for the Torts Restatement and should not be regarded as expressing any opinion regarding the validity or invalidity of the substance of the Section." Id.

As no party has briefed the Court on this issue, it is unclear whether and to what extent a plaintiff can claim a defendant is strictly liable for a pecuniary loss, as opposed to physical harm, suffered by the use of a chattel resulting from a misrepresentation.

THEREFORE, IT IS HEREBY ORDERED THAT, on or before **Thursday December 1, 2022**, the parties shall file supplemental briefs addressing the issue of whether strict liability can be imposed because of reliance upon a misrepresentation.

So Ordered this 17th day of November 2022

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge